IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DFISTRICT OF PENNSYLVANIA

KATHERINE CRAWFORD              :
1331 South 17th Street          :
Philadelphia, PA 19146          :
                                :
JAMES CRAWFORD                  : No. 14-cv-
1802 Morris Street              :
Philadelphia, PA 19145          :
                                :
ROCHELLE BROWN                  :
1339 South Stanley Street       :
Philadelphia, PA 19146          :
                                :
JANICE CRAWFORD-SHARIF          :
1331 South 17th Street          :
Philadelphia, PA 19146          :
                                :
              Plaintiffs        :
                                :
         v.                     :
                                :
KHALILAH ROBINSON               :
2112 Dorrance Street            :
Philadelphia, PA 19145          :
                                :
KHALIL MUNIR                    :
336 East Mt. Airy Avenue        :
Philadelphia, PA 19119          :
                                :
TEQUINA SIMON                   :
5722 W. Oxford Street           :
Philadelphia, PA 19131          :
                                :
JAMES ROSCOE SMITH, III         :
2513 North 24th Street          :
Philadelphia, PA 19132          :
                                :
OCWEN Loan Servicing, LLC       :
1661 Worthington Road, #100     :
West Palm Beach, FL 33409       :

```
U.S. Bank, National Association,      :
As Trustee for the CMLTI Asset-       :
Backed Pass-Through Certificates      :
Series 2007-AMC3                      :
425 Walnut St.                        :
Cincinnati, OH 45202                  :
                                      :
Pennsylvania Housing Finance          :
Administration (PHFA)                 :
211 North Front Street                :
P.O. Box 15530                        :
Harrisburg, PA 17105-5530             :
                                      :
The Department of Housing and         :
Urban Development                     :
The Wanamaker Building                :
100 Penn Square East                  :
Philadelphia PA 19107-3380            :
                                      :
              Defendants              :
```

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

　　　　　Pursuant to 28 U.S.C. Sections 1441(a), 1442(a)(1), and

1444, the United States of America, on behalf of defendant U.S.

Department of Housing and Urban Development ("HUD"), an agency of

the United States, hereby removes this action to the United States

District Court for the Eastern District of Pennsylvania and

represents the following in support thereof:

　　　　　1.   This is a property ownership dispute and a purported

2

action to quiet title in the Court of Common Pleas for Philadelphia County, Pennsylvania. A copy of the state court complaint is attached hereto, along with cover correspondence, the docket entries in the state court action, and a scheduling order issued by the state court on June 26, 2014.

2. The complaint was filed in the Court of Common Pleas, Philadelphia County, on April 7, 2014. A Praecipe to Reinstate Complaint was served on defendants on May 23, 2014.

3. HUD is one of the named defendants in this purported quiet title action and is an agency of the United States.

4. Removal of the subject action by HUD to this Court is, therefore, proper under 28 U.S.C. Sections 1442(a)(1) and 1444.

5. The United States has not been properly served as required by 28 U.S.C Section 2410(b).

6. Removal of the suit to this Court is, therefore, timely pursuant to 28 U.S.C. Section 1446(b).

7. A copy of this notice is being filed with the Prothonotary of the Court of Common Pleas for Philadelphia County, Pennsylvania and has been served on all parties pursuant to 28 U.S.C. Section 1446(b).

3

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney
/s/ Margaret L. Hutchinson
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

/s/ Richard M. Bernstein
RICHARD M. BERNSTEIN (PA. #23044)
Assistant United States Attorney
615 Chestnut Street Suite 1250
Philadelphia PA 19106-4476
(215) 861-8334
(215) 861-8618 (fax)

## CERTIFICATE OF SERVICE

I hereby certify, this 9th day of July, 2014, that a copy of the foregoing Notice of Removal was served by United States mail, first-class, postage prepaid on Michael R. Froehlich, Esquire, Community Legal Services, Inc., 1410 West Erie Avenue, Philadelphia PA 19140, counsel for the plaintiffs, and the named defendants listed hereinabove.

/s/ Richard M Bernstein
RICHARD M. BERNSTEIN
Assistant United States Attorney



COMMUNITY LEGAL SERVICES
OF PHILADELPHIA

April 7, 2014

KHALILAH ROBINSON
2112 Dorrance Street
Philadelphia, PA  19145

KHALIL MUNIR
336 East Mt. Airy Avenue
Philadelphia, PA  19119

TEQUINA SIMON
5722 W. Oxford Street
Philadelphia, PA  19131

JAMES ROSCOE SMITH, III
2513 North 24th Street
Philadelphia, PA  19132

OCWEN Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL  33409

U.S. Bank, National Association, as Trustee
for the CMLTI Asset-Backed Pass-Through
Certificates, Series 2007-AMC3
425 Walnut St.
Cincinnati, OH  45202

Pennsylvania Housing Finance
Administration (PHFA)
211 North Front Street
P.O. Box 15530
Harrisburg, PA  17105-5530

The Department of Housing and Urban
Development
The Wanamaker Building
100 Penn Square East
Philadelphia, PA  19107-3380

Re:   Crawford v. Robinson, et al,
Philadelphia Court of Common Pleas No. 140400091

To Whom it May Concern:

Enclosed please find a copy of the Complaint in the above-captioned Quiet Title action in which
you are named as a defendant.  In accordance with Pennsylvania Rules of Civil Procedure 402,
403, and 404, this is intended as service of original process.

Sincerely yours,

Michael R. Froehlich
Attorney

Enclosure.

**CLS** COMMUNITY LEGAL SERVICES
OF PHILADELPHIA

May 23, 2014

KHALILAH ROBINSON
2112 Dorrance Street
Philadelphia, PA  19145

KHALIL MUNIR
336 East Mt. Airy Avenue
Philadelphia, PA  19119

TEQUINA SIMON
5722 W. Oxford Street
Philadelphia, PA  19131

JAMES ROSCOE SMITH, III
2513 North 24th Street
Philadelphia, PA  19132

OCWEN Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL  33409

U.S. Bank, National Association, as Trustee
for the CMLTI Asset-Backed Pass-Through
Certificates, Series 2007-AMC3
425 Walnut St.
Cincinnati, OH  45202

Pennsylvania Housing Finance
Administration (PHFA)
211 North Front Street
P.O. Box 15530
Harrisburg, PA  17105-5530

The Department of Housing and Urban
Development
The Wanamaker Building
100 Penn Square East
Philadelphia, PA  19107-3380

Re:   Crawford v. Robinson, et al,
      Philadelphia Court of Common Pleas No. 140400091

To Whom It May Concern:

Enclosed please find a copy of the Praecipe to Reinstate Complaint in the above-captioned Quiet
Title action in which you are named as a defendant.

Sincerely yours,

/s/  Henry A. Jefferson
Henry A. Jefferson
Paralegal

cc:  Michael R. Froehlich
Supervising Attorney

Enclosure.

Community Legal Services, Inc., 1410 West Erie Ave, Philadelphia, PA 19140
MFroehlich@CLSPhila.org  •   Phone: 215.227.4733   •   Fax: 215.981.0819

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **APRIL 2014** |
| E-Filing Number: 1404012398 |
| **000091** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KATHERINE CRAWFORD | KHALILAH ROBINSON |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1331 SOUTH 17TH STREET<br>PHILADELPHIA PA 19146 | 2112 DORRANCE STREET<br>PHILADELPHIA PA 19145 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JAMES CRAWFORD | KHALIL MUNIR |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1802 MORRIS STREET<br>PHILADELPHIA PA | 336 EAST MT. AIRY AVENUE<br>PHILADELPHIA PA 19119 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ROCHELLE BROWN | TEQUINA SIMON |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1339 SOUTH STANLEY STREET<br>PHILADELPHIA PA 19146 | 5722 W. OXFORD STREET<br>PHILADELPHIA PA 19131 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 4 | 8 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| Q1 - QUIET TITLE |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br>APR **07** 2014<br>**J. MURPHY** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO |
|---|---|---|

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>KATHERINE CRAWFORD , JAMES CRAWFORD , ROCHELLE BROWN , JANICE CRAWFORD-</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL R. FROEHLICH | COMMUNITY LEGAL SERVICES INC.<br>1410 W. ERIE AVE.<br>PHILADELPHIA PA 19140 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)227-4733 | (215)227-2435 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 92767 | mfroehlich@clsphila.org |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MICHAEL FROEHLICH | Monday, April 07, 2014, 12:54 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF PLAINTIFFS:

1. JANICE CRAWFORD-SHARIF
   1331 SOUTH 17TH STREET
   PHILADELPHIA PA 19146
2. ROCHELLE BROWN
   1339 SOUTH STANLEY STREET
   PHILADELPHIA PA 19146
3. JAMES CRAWFORD
   1802 MORRIS STREET
   PHILADELPHIA PA
4. KATHERINE CRAWFORD
   1331 SOUTH 17TH STREET
   PHILADELPHIA PA 19146

## COMPLETE LIST OF DEFENDANTS:

1. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT
   THE WANAMAKER BUILDING 100 PENN SQUARE EAST
   PHILADELPHIA PA 19107
2. PENNSYLVANIA HOUSING FINANCE ADMINISTRATION (PHFA)
   211 NORTH FRONT STREET P.O. BOX 15530
   HARRISBURG PA 17105
3. U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE
   425 WALNUT ST.
   CINCINNATI OH 45202
4. OCWEN LOAN SERVICING, LLC
   1661 WORTHINGTON ROAD SUITE 100
   WEST PALM BEACH FL 33409
5. JAMES  ROSCOE. SMITH III
   2513 NORTH 24TH STREET
   PHILADELPHIA PA 19132
6. TEQUINA SIMON
   5722 W. OXFORD STREET
   PHILADELPHIA PA 19131
7. KHALIL MUNIR
   336 EAST MT. AIRY AVENUE
   PHILADELPHIA PA 19119
8. KHALILAH ROBINSON
   2112 DORRANCE STREET
   PHILADELPHIA PA 19145

COMMUNITY LEGAL SERVICES ·
By: Michael R. Froehlich
Attorney I.D. No. 92767
1410 W. Erie Ave.
Philadelphia, PA 19140
mfroehlich@clsphila.org
(215) 227-4733

Attorney for Plaintiffs
Katherine Crawford, James Crawford,
Rochelle Brown, and Janice Crawford-Sharif

---

KATHERINE CRAWFORD
1331 South 17th Street
Philadelphia, PA 19146

JAMES CRAWFORD
1802 Morris St.
Philadelphia, PA 19145

ROCHELLE BROWN
1339 South Stanley Street
Philadelphia, PA 19146

JANICE CRAWFORD-SHARIF
1331 South 17th Street
Philadelphia, PA 19146

    Plaintiffs

v.

COURT OF COMMON PLEAS

PHILADELPHIA COUNTY

CIVIL DIVISION

APRIL TERM, 2014

NO.

1

KHALILAH ROBINSON
2112 Dorrance Street
Philadelphia, PA  19145

KHALIL MUNIR
336 East Mt. Airy Avenue
Philadelphia, PA  19119

TEQUINA SIMON
5722 W. Oxford Street
Philadelphia, PA  19131

JAMES ROSCOE SMITH, III
2513 North 24th Street
Philadelphia, PA  19132

OCWEN Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL  33409

U.S. Bank, National Association, as Trustee
for the CMLTI Asset-Backed Pass-Through
Certificates, Series 2007-AMC3
425 Walnut St.
Cincinnati, OH  45202

Pennsylvania Housing Finance
Administration (PHFA)
211 North Front Street
P.O. Box 15530
Harrisburg, PA  17105-5530

The Department of Housing and Urban
Development
The Wanamaker Building
100 Penn Square East
Philadelphia, PA  19107-3380

        Defendants

2

## COMPLAINT – QUIET TITLE

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

*YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.*

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.*

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

## COMPLAINT – CIVIL ACTION

Plaintiffs, KATHERINE CRAWFORD, JAMES CRAWFORD, ROCHELLE BROWN, and

JANICE CRAWFORD-SHARIF, through their undersigned attorney, by way of Complaint

brought pursuant to Pa. R.C.P. 1061 *et seq.*, avers as follows:

      1.    Plaintiffs herein are KATHERINE CRAWFORD, JAMES CRAWFORD,

ROCHELLE BROWN, and JANICE CRAWFORD SHARIF, adult individuals with last known

addresses as captioned above.

      2.    Defendants herein are KHALILAH ROBINSON, KHALIL MUNIR, TEQUINA

SIMON, and JAMES ROSCOE SMITH, III, adult individuals with last known addresses as

captioned above.  OCWEN Loan Servicing, LLC; U.S. Bank, National Association, as Trustee

for the CMLTI Asset-Backed Pass-Through Certificates, Series 2007-AMC3; Pennsylvania

Housing Finance Administration ("PHFA"); and The Department of Housing and Urban

Development ("HUD"), corporations with addresses as captioned above.

      3.    Jurisdiction and venue are proper given that the real property at issue is located in

Philadelphia County.

      4.    The Property subject of this action is known as 1331 South 17th Street,

Philadelphia, PA 19146.  Said Property is more particularly described in the legal description

attached hereto as Exhibit A.

      5.    By virtue of a deed dated August 14, 1998 (the "Deed"), title to the Property was

transferred from Lorraine Crawford, Administrator of the Estate of James Crawford, Sr., and

Lorraine Crawford, James Crawford, Felcia Crawford, Kathy Crawford, and Rochelle Smith

Brovon, to Lorraine Crawford.  The Deed was recorded in the Philadelphia County Recorder of

4

Deed Office on November 3, 1998, in Book 0840 at Page 219.  A true and correct copy of the

Deed is attached hereto as Exhibit B.

6.     This deed is a fraud.

7.     Sarah Crawford (aka Sarah Bowles) and James Crawford, Sr. were the biological

parents of six children: James Crawford (DOB 7/13/1947), Felicia Crawford (DOB 12/20/1948;

DOD 5/11/2005); Rochelle Brown (DOB 9/11/1951), Lorraine Crawford (DOB 1/12/1954, DOD

12/18/2013); Janice Crawford-Sharif (DOB 7/23/1955); and Katherine Crawford (DOB

11/5/1962).  In addition, Sarah Crawford was the biological mother of Alfred Bowles (DOB

1/24/1945).

8.     Felicia Crawford died intestate on May 11, 2005.  See Exhibit S.  She never

married.  Upon information and belief, her only child, Zachary Crawford, is her sole heir.

9.     As discussed in more detail below, Lorraine Crawford (aka Lorraine Inez Smith)

died on December 18, 2013.  See Exhibit O.

10. ·   James Crawford, Rochelle Brown, Janice Crawford-Sharif, Katherine Crawford,

and Alfred Bowles are alive.

11.     The Property at issue in this Quiet Title action was transferred from 26-year-old

Alfred Bowles and his wife at the time, Sharon A. Bowles, to Alfred's mother, Sarah Crawford,

on November 20, 1971.  See Exhibit R.  At the time, Sarah Crawford was married to·James

Crawford, Sr., but the property was deeded only to Sarah Crawford.  Id.

12.     Sarah Crawford died intestate on May 21, 1978.  At the time of her death, the

Property passed, by the rules of intestate succession, to James Crawford, Sr. (1/2 share), Alfred

Bowles (1/14 share), James Crawford (1/14 share), Felicia Crawford (1/14 share), Rochelle

Brown (1/14 share), Lorraine Crawford (1/14 share), Janice Crawford-Sharif (1/14 share), and Katherine Crawford (1/14 share).

13.     James Crawford, Sr. died intestate on June 5, 1991. At the time of his death, his 1/2 share in the property passed, by the rules of intestate succession, to his six children (excluding Alfred Bowles who was his un-adopted step-son) in equal shares.

14.     After James Crawford, Sr.'s death, the Property was owned by Alfred Bowles (1/14 share), James Crawford (1/14 + 1/12 = 13/84 share), Felicia Crawford (13/84 share), Rochelle Brown (13/84 share), Lorraine Crawford (13/84 share), Janice Crawford-Sharif (13/84 share), and Katherine Crawford (13/84 share).

15.     After James Crawford, Sr.'s death in 1991, Lorraine Crawford caused herself to be appointed sole Administrator of the Estate. See Exhibit T.

16.     On November 3, 1998, Lorraine Crawford caused to be recorded a Deed that purported to transfer the Property to herself from the Estate of James Crawford, Sr. and James' heirs. See Exhibit B.

17.     The Deed contains the purported signatures of Lorraine Crawford, James Crawford, Felicia Crawford, Kathy Crawford, and Rochelle Smith Brovon. The signatures were purportedly notarized by Angelo M. Mattei, Notary Public.

18.     James Crawford and Felicia Crawford signed the document at the instruction of Lorraine Crawford. Lorraine Crawford advised them that the document was solely for the purpose of receiving a loan to remodel the house. They were not advised that they were transferring the ownership of their home. They did not sign the deed in the presence of a notary.

19.     At the time the deed was purportedly signed, Katherine Crawford—cf. "Kathy Crawford"—was living in the city of Cypress, California. The signature on the deed is not

Katherine Crawford's signature. Katherine Crawford has never signed her name "Kathy

Crawford."

20.     At the time the deed was purportedly signed, Rochelle Smith was using her

married name, Rochelle Smith Brown. Her name on the deed is spelled Rochelle Smith Brovon.

The signature on the deed is not Rochelle Smith's signature.

21.     The name and signature of Janice Crawford Sharif, Lorraine Crawford's sister and

an heir to the Property, is missing entirely from the deed.

22.     The name and signature of Alfred Bowles, Lorraine Crawford's half-sibling and

an owner of 1/14 share of the Property since his mother's, Sarah Crawford's, death in 1978, is

missing entirely from the deed.

23.     On the same date that the Deed was recorded, a mortgage on the Property in the

amount of $28,000, was recorded from Pacific Thrift and Loan Company to Lorraine Crawford.

The Mortgage was recorded in the Philadelphia County Recorder of Deed Office on November

3, 1998, in Book 1589 at Page 074. A true and correct copy of the Mortgage is attached hereto

as Exhibit C.

24.     One year later, on November 17, 1999, Lorraine Crawford caused to be recorded

a second mortgage on the Property in the amount of $39,000 from Homeamerican Credit, Inc.

d/b/a Upland Mortgage. The Mortgage was recorded in the Philadelphia County Recorder of

Deed Office in Book 3366 at Page 464. A true and correct copy of the Mortgage is attached

hereto as Exhibit D.

25.     Two years after that, on July 31, 2001, Lorraine Crawford caused to be recorded a

third mortgage on the Property in the amount of $52,454.22 from Beneficial Consumer Discount

Company d/b/a Beneficial Mortgage Company of Pennsylvania. The Mortgage was recorded in

the Philadelphia County Recorder of Deed Office as Document ID Number 50300415. A true

and correct copy of the Mortgage is attached hereto as Exhibit E.

26.     On December 19, 2001, Homeamerican Credit, Inc. d/b/a Upland Mortgage

caused to be recorded a Satisfaction of Mortgage document regarding their November 7, 1999

mortgage. This document was recorded in the Philadelphia County Recorder of Deed Office as

Document ID Number 50377397. See Exhibit F.

27.     On September 25, 2006, Beneficial Consumer Discount Company d/b/a

Beneficial Mortgage Company of Pennsylvania caused to be recorded a Satisfaction of Mortgage

document regarding their July 31, 2011 mortgage. This document was recorded in the

Philadelphia County Recorder of Deed Office as Document ID Number 51537122. See Exhibit

G.

28.     On November 9, 2006, Lorraine Crawford caused to be recorded a fourth

mortgage on the Property in the amount of $81,000 from Nations Home Mortgage Corporation.

The Mortgage was recorded in the Philadelphia County Recorder of Deed Office as Document

ID Number 51569290. A true and correct copy of the Mortgage is attached hereto as Exhibit H.

29.     On January 26, 2007, Lorraine Crawford caused to be recorded a quitclaim deed

from Lorraine Crawford to Lorraine Smith, after marrying James Roscoe Smith, III. All

subsequent documents—including mortgages—related to the Property continued to use the name

"Lorraine Crawford." A true and correct copy of the Quitclaim Deed is attached hereto as

Exhibit P.

30.     Also on January 26, 2007, Lorraine Crawford caused to be recorded a fifth

mortgage on the Property in the amount of $108,500 from Argent Mortgage Company, LLC.

8

The Mortgage was recorded in the Philadelphia County Recorder of Deed Office as Document ID Number 51619526.  A true and correct copy of the Mortgage is attached hereto as Exhibit J.

31.     On January 23, 2007, Nations Home Mortgage Company caused to be recorded a Satisfaction of Mortgage document regarding their August 25, 2006 mortgage.  This document was recorded in the Philadelphia County Recorder of Deed Office as Document ID Number 51617018.  A true and correct copy of the Mortgage is attached hereto as Exhibit I.

32.     On September 26, 2007, an Assignment of Mortgage document was recorded in the Philadelphia County Recorder of Deed Office as Document ID Number 51779403 purporting to assign Lorraine Crawford's mortgage from Argent Mortgage Company, LLC to U.S. Bank, National Association, as Trustee for the CMLTI Asset-Backed Pass-Through Certificates, Series 2007-AMC3 ("US Bank").  A true and correct copy of the Mortgage is attached hereto as Exhibit K.

33.     At some point unknown to Plaintiffs, but known to Defendant Ocwen Loan Servicing, LLC, Ocwen Loan Servicing, LLC, began servicing U.S. Bank's mortgage and acting as U.S. Bank's attorney in fact regarding this mortgage.  Ocwen Loan Servicing was performing these two roles up to and at the time of Lorraine Crawford's death.  See Exhibit Q.

34.     On February 6, 2008, Lorraine Crawford caused to be recorded a sixth mortgage on the Property in the amount of $12,500 in the form of a Homeowner's Emergency Mortgage Assistance Program ("HEMAP") loan from the Pennsylvania Housing Finance Agency ("PHFA").  This document was recorded in the Philadelphia County Recorder of Deed Office as Document ID Number 51851063.  A true and correct copy of the Mortgage is attached hereto as Exhibit L.

9

35.     On January 13, 2012, Lorraine Crawford caused to be recorded a <u>seventh</u> mortgage on the Property in the amount of $50,000 in the form of an Emergency Homeowners' Loan Program ("EHLP") loan from the Pennsylvania Housing Finance Agency ("PHFA"). This document was recorded in the Philadelphia County Recorder of Deed Office as Document ID Number 52434715. A true and correct copy of the Mortgage is attached hereto as Exhibit M.

36.     On May 29, 2013, an Assignment of Mortgage document was recorded in the Philadelphia County Recorder of Deed Office as Document ID Number 52645480 purporting to assign Lorraine Crawford's January 13, 2012 EHLP mortgage from PHFA to The Secretary of Housing and Urban Development ("HUD"). A true and correct copy of this Assignment is attached hereto as Exhibit N.

37.     Lorraine Crawford died on December 18, 2013. See Exhibit O.

38.     Lorraine Crawford is survived by her widower, James Roscoe Smith, III (DOB: 9/14/1951) and her three adult children, Tequina Simon (DOB: 11/16/1975), Khalilah Robinson (DOB: 1/1/1978), and Khalil Munir (DOB: 2/10/1982).

39.     Plaintiffs received no benefit from funds that Lorraine Crawford may have received from the mortgages she took out on the Property.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order, with respect to the real property known as 1331 South 17th Street, Philadelphia, PA 19146:

a.     Declaring that the deed recorded on November 3, 1998, is void.

b.     Declaring that interest in the Property be held as: Alfred Bowles (1/14 share), James Crawford (13/84 share), lawful heirs to Felicia Crawford (13/84 share), Rochelle Brown

10

(13/84 share), lawful heirs to Lorraine Crawford (13/84 share), Janice Crawford-Sharif (13/84 share), and Katherine Crawford (13/84 share).

      c.      Declaring that the mortgages on the Property currently held by Ocwen Loan Servicing, LLC, as attorney in fact for U.S. Bank, National Association (See Exhibits J and K); U.S. Bank, National Association (See Exhibit J and K); the Pennsylvania Housing Finance Agency (See Exhibit L); and the Secretary of the Department of Urban Development (See Exhibits M and N) encumber only the interest in the Property conveyed to the lawful heirs of Lorraine Crawford.

      d.      Directing the Office of the Recorder of Deeds to accept a copy of this Order as a miscellaneous instrument;

      e.      Granting Plaintiffs such other relief as the Court may deem just and proper.

Respectfully submitted,

Michael R. Froehlich, Esquire
mfroehlich@clsphila.org
Id. No. 92767
COMMUNITY LEGAL SERVICES INC.
1410 W. Erie Ave.
Philadelphia, PA 19140
215-227-4733

Dated: 4/7/14

11

## VERIFICATION

I, Katherine Crawford, verify that I am the Plaintiff in the within complaint, and that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information, and belief; and that this verification is subject to the penalties of 18 Pa. C.S.A. 4904 relative to unsworn falsification to authorities.

3/26/2014
DATE

Katherine Crawford, Plaintiff

# Exhibit A

## EXHIBIT A

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE MESSUAGE OR TENEMENT
THEREON ERECTED SITUATE ON THE EAST SIDE OF 17TH STREET.

BEGINNING AT THE DISTANCE OF EIGHTY-FOUR FEET NORTH FROM THE NORTH SIDE
OF REED STREET IN THE 36TH WARD OF THE CITY OF PHILADELPHIA.

CONTAINING IN FRONT OR BREADTH ON THE SAID 17TH STREET SIXTEEN FEET AND
EXTENDING IN LENGTH OR DEPTH OF THAT WIDTH BETWEEN LINES PARALLEL WITH
SAID REED STREET SIXTY-TWO FEET TO A FOUR FEET WIDE ALLEY WHICH LEADS
SOUTH INTO SAID REED STREET.

ADDRESS: 1331 SO 17TH ST; PHILA, PA 19146    TAX MAP OR PARCEL ID NO.:
10S10-17

# Exhibit B

D 0840 219

# DEED

This Indenture Made the *17* day of *August*, in the year of our Lord one thousand nine hundred and ninety-eight

### BETWEEN

LORRAINE CRAWFORD, ADMINISTRATOR OF THE ESTATE OF JAMES CRAWFORD, SR., AND LORRAINE CRAWFORD, JAMES CRAWFORD, FELCIA CRAWFORD, KATHY CRAWFORD AND ROCHELLE SMITH BROVON  (hereinafter called the Grantors)

### AND

LORRAINE CRAWFORD (hereinafter called the Grantee)

### WITNESSETH

The Grantors for and in consideration of the sum of ONE DOLLAR ($1.00)  paid to Grantors by Grantee, the receipt of which is hereby acknowledged, have granted, bargained and sold, released and confirmed, and by these presents do grant, bargain and sell, release and confirm unto Grantee, her heirs and assigns, as tenants by the entireties.

ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected. SITUATE on the East side of 17th Street.

BEGINNING at the distance of Eighty-four feet North from the North side of Reed Street in the 36th Ward of the City of Philadelphia.   *1331 S.*

CONTAINING in front or breadth on the said 17th Street Sixteen feet and extending in lengthor depth of that width between lines parallel with said Reed Street Sixty-two feet to a four feet wide alley which leads South into said Reed Street.

BEING the same premises which ALFRED E. BOWELS AND SHARON A. BOWLES by deed dated November 20, 1971 and recorded December 7, 1971 in Philadelphia County  in Deed Book. DCC 425 Page 346  conveyed onto SARAH A. CRAWFORD, in fee.

AND THE SAID SARAH A. CRAWFORD died on                          leaving as her surviving heirs, Her Husband, JAMES CRAWFORD, SR. and Her Children,  LORRAINE CRAWFORD, JAMES CRAWFORD, FELICIA CRAWFORD, KATHY CRAWFORD AND ROCHELLE SMITH BROVON.

0004.70

COMMISSIONER OF RECORDS

THIS DOCUMENT RECORDED

98 NOV -3  PM 3: 58

D 0840 220

AND THE SAID JAMES CRAWFORD, SR. departed this life on June 5, 1991 Intestate leaving as his surviving heirs, his children, LORRAINE CRAWFORD, JAMES CRAWFORD, FELICIA CRAWFORD, KATHY CRAWFORD AND ROCHELLE SMITH BROVON.

LETTERS OF ADMINISTRATION in the ESTATE OF JAMES CRAWFORD, SR., No.    Of 1995, were granted to LORRAINE CRAWFORD on February 16, 1995.

This is a transfer from a parent's estate and their children/heirs to one child/sibling; therefore Transfer Tax exempt.

TOGETHER with all and singular the improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, property, claim and demand whatsoever of the said Grantors, in law, equity, or otherwise howsoever, of, in and to the same and every part thereof.

TO HAVE AND TO HOLD the said lot or piece of ground above described with the messuage or tenement thereon erected hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantee, her heirs and assigns, to and for the only proper use and behoof of the said Grantee, her heirs and assigns forever.

AND Grantors, their heirs, executors, and administrators do covenant, promise and agree, to and with said Grantee, her heirs and assigns, that the said Grantors and their heirs, all and singular the hereditaments and premises herein described and granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantee, her heirs and Assigns, against them, Grantors and their heirs, and against all and every person and persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from or under him, her, them or any of them, shall and will WARRANT and forever DEFEND.

D 0840 221

IN WITNESS WHEREOF, the Grantors have hereunto set their hands and seal. Dated the day and year first above written.

SEALED AND DELIVERED
IN THE PRESENCE OF US:)

_(SEAL)_
LORRAINE CRAWFORD, ADMINISTRATOR

_(SEAL)_
LORRAINE CRAWFORD, INDIVIDUALLY

_(SEAL)_
JAMES CRAWFORD

_(SEAL)_
FELICIA CRAWFORD

_(SEAL)_
KATHY CRAWFORD

_(SEAL)_
ROCHELLE SMITH BROVON

D 0840 222

Commonwealth of Pennsylvania )
County of *Phila* ) ss:

On this the 14 day of *August*, 1998, before me, a Notary Public for the Commonwealth of Pennsylvania, the undersigned Officer, personally appeared LORAINE CRAWFORD, JAMES CRAWFORD, FELICIA CRAWFORD, KATHY CRAWFORD AND ROCHELLE SMITH BROVON  known to me (satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public

NOTARIAL SEAL
ANGELO M. MATTEI, Notary Public
City of Philadelphia, Phila. County
My Commission Expires July 22, 2002

The address of the within named Grantee
is 1531 S. 17th St.
Phila, PA 19146

ACCOMMODATION ONLY - NOT INSURED

Office for Recording of Deeds, in and for                                    In Deed
Book                          No.         page        &c.

Witness my hand and seal of Office this          Day of          Anno Domini 19

Record and return to
Thomas H. Baker, Esquire
One Northbrook Corporate Center
Trevose, PA 19053

PA4037

D 0840 223

| | BOOK NO | PAGE NO. |
|---|---|---|

## PHILADELPHIA REAL ESTATE
## TRANSFER TAX CERTIFICATION

| DATE RECORDED | |
|---|---|
| CITY TAX PAID | |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is/a not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT** - All inquiries may be directed to the following person:

NAME: Baker + McGovern, Suite 320
TELEPHONE NUMBER: AREA CODE (215) 364-3994
STREET ADDRESS: One Northbrook Corp. Ctr.
CITY: Tresose STATE: Pa ZIP CODE: 19053

**B. TRANSFER DATA**
DATE OF ACCEPTANCE OF DOCUMENT:
GRANTOR(S)/LESSOR(S): Lorraine Crawford, Adm. Estate of James Crawford, Sr. and Lorraine Crawford, James, Felicia, + Kathy Crawford + Rochelle Smith Devoux
GRANTEE(S)/LESSEE(S): Lorraine Crawford
STREET ADDRESS: 1331 S. 14th St.
STREET ADDRESS: 1331 S. 12th St.
CITY: Phila STATE: Pa ZIP CODE: 19146
CITY: Phila STATE: PA ZIP CODE: 19146

**C. PROPERTY LOCATION**
STREET ADDRESS: 1331 S. 14th St.
CITY, TOWNSHIP, BOROUGH: Phila
COUNTY: Phila SCHOOL DISTRICT: Phila TAX PARCEL NUMBER: 10 81-17

**D. VALUATION DATA**
1. ACTUAL CASH CONSIDERATION: $1.00
2. OTHER CONSIDERATION: 0
3. TOTAL CONSIDERATION: = $1.00
4. COUNTY ASSESSED VALUE: $2,880.00
5. COMMON LEVEL RATIO FACTOR: x 3.46
6. FAIR MARKET VALUE: = $9,964.00

**E. EXEMPTION DATA**
1A. AMOUNT OF EXEMPTION: 100%
1B. PERCENTAGE OF INTEREST CONVEYED: 100%

2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession _____ (NAME OF DECEDENT) _____ (ESTATE FILE NUMBER).
☐ Transfer to Industrial Development Agency.
☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).
☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement.) Tax paid prior deed $___
☐ Transfers to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).
☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number___ Page Number___ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).
☐ Corrective deed (Attach copy of the prior deed).
☑ Other (Please explain exemption claimed, if other than listed above.) This is a transfer from a parents estate to their children/heirs to one child/sibling; Therefore transfer tax exempt.

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY: Bridget C. [signature]
DATE: 8-14-88

82-127 (Rev 6/93) (SEE REVERSE)

Exhibit C

M 1589 074

WHEN RECORDED MAIL TO

Pacific Thrift and Loan Company
Mortgage prepared by Pacific Thrift
500 Ygnacio Valley Rd., #350
Walnut Creek, CA 94596

Record and return to
Thomas H. Baker, Esquire
One Northbrook Corporate Center
Trevose, PA 19053

PA4037

Parcel Number: 10S1-17

Loan Number: 456780

[Space Above This Line For Recording Data]

# MORTGAGE

### NOTICE TO BORROWER:
### THIS DOCUMENT CONTAINS PROVISIONS FOR A VARIABLE INTEREST RATE

THIS MORTGAGE ("Security Instrument") is given on        August 14, 1998        . The mortgagor is
Lorraine Crawford

("Borrower").

This Security Instrument is given to   Pacific Thrift and Loan Company, its successors and/or
assigns

which is organized and existing under the laws of California            , and whose address is
21031 Ventura Blvd., Woodland Hills, CA 91364

("Lender").

Borrower owes Lender the principal sum of  Twenty Eight Thousand and NO/100ths

Dollars (U.S. $ 28,000.00      ). This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
September 1, 2028    . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the
Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,
advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage,
grant and convey to Lender the following described property located in   Philadelphia                County,
Pennsylvania:
   See Exhibit "A" attached hereto and made a part hereof.

which has the address of     1331 S. 17th Street, Philadelphia, PA 19146

["Property Address"]

PENNSYLVANIA-Single Family
PA1MTG-1  3/98

Page 1 of 7

M 1589 075

ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected,

SITUATE on the East side of 17th Street.

BEGINNING at the distance of Eighty-four feet North from the North side of Reed Street in the 35th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said 17th Street Sixteen feet and extending in length or depth of that width between lines parallel with said Reed Street Sixty-two feet to a four feet wide alley which leads South into said Reed Street.

14 1589 076

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. §2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods

PA1MTG-2  3/98

Page 2 of 7

M 1589 077

that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7. Protection of Lender's Right in the Property. If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8. Mortgage Insurance. If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9. Inspection. Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.